# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                          Case No.: 2:09-CR-149
                                          JUDGE SMITH

**JEREMY FARSON,**

                                            *Date of Original Judgment:*
      **Defendant.**                           *May 13, 2010*

## ORDER

      This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 39). Defendant was originally sentenced on May 12, 2010 to 108 months imprisonment on Counts 2 and 3 to run concurrently, after pleading guilty to the Indictment charging him with possession with intent to distribute over 50 grams of a mixture containing a detectable amount of methamphetamine, and possessing a firearm in furtherance of a drug trafficking offense. Defendant's advisory sentencing guideline range was 121 to 151 months, based on an offense level 29 and criminal history category IV.

      On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11. Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

      Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case. After considering the original guideline range, the extent of any downward departure, the

circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 108 months to 89 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 29 to a 27, which yields a new advisory guideline range of 100 to 125 months. Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 108 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 89 months. Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015. However, counsel represents that Defendant will be eligible for immediate release to a halfway house. Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 39 from the Court's pending motion's list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　  /s/ George C. Smith  
　　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**  
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

*Order Date:   August 17, 2015*

*Effective Date: November 1, 2015*